

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
**T** 212.307.5500  **F** 212.307.5598   www.Venable.com

January 20, 2026

**f** 212.307.5598
AGDimon@Venable.com

**VIA ECF FILING ONLY**
Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Court Room: MLK 2B
New York, New York10007-1312

> **Re:**    ***Verve Grp. Eur. GMBH v. Zemanta, Inc.***, Case No. 1:25-cv-10329-JLR
>
> **Letter Motion on Consent Seeking Order to Maintain Contract Under Seal**

Dear Judge Rochon:

We represent Petitioner Verve Group Europe GMBH ("VGE") in connection with the proceeding referenced above. We write to respectfully request, under Section 4(B)(iii)(b) of Your Honor's Individual Rules of Practice in Civil Cases, Federal Rules of Civil Procedure 5.2(d), Local Civil Rule 5.2, and this Court's Standing Orders 19-mc-583 and 25-mc-421, that the Court enter an order approving the permanent sealing of the Supply Side Platform Agreement, entered into on or about February 18, 2016 (the "Contract"). A copy of the Contract will be filed under seal as **Exhibit A** to the Declaration of Remco Westermann in Support of Petition for Order Compelling Arbitration and Designating and Appointing an Arbitrator, executed on January 19, 2026. Respondent Zemanta, Inc. consents to the filing of the Contract under seal.

As background, VGE commenced this action on December 12, 2025 by filing, among other things, a Petition for Order Compelling Arbitration and Designating and Appointing an Arbitrator (the "Petition"). ECF No. 1. The Petition seeks a Court order (a) that compels Zemanta to arbitrate the dispute described therein, and (b) that appoints one of several suggested JAMS arbitrators identified in the Petition. *Id.* ¶¶ 31-37. VGE's legal basis for its Petition is principally based on the Contact's provisions requiring that the parties resolve disputes through arbitration (the "Arbitration Clause"). *Id.* ¶¶ 8-12, 31-37; Ex. A § 3.1. The Contract also includes a confidentiality provision that prohibits disclosure of, among other things, the terms of the agreement. Ex. A § 11.2

VGE respectfully requests that the Contract remain under seal to protect the sensitive and proprietary business information contained in the Contract. Moreover, in addition to containing sensitive pricing and party rights information, the only term of the agreement relevant to this proceeding is the Arbitration Clause.

A three-part balance test applies to party requests to seal documents filed with the Court. *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69-70 (2d Cir. 2023), *cert. denied* 144 S.Ct.

**VENABLE** LLP

Hon. Jennifer L. Rochon
January 20, 2026
Page 2

1011 (2024). The first question is whether the at-issue filing is a "judicial document," meaning one where a presumption of public access exists. *Id.* Documents that are relevant to the proceeding and the Court's function in the case are generally considered "judicial documents." *Kewazinga Corp. v. Google LLC*, No. 20 Civ. 1106 (LGS), 2024 WL 4558070, at *1 (S.D.N.Y. Oct. 21, 2024). Here, the Contract is a judicial document.

Since the presumption of public access is applicable to the Contract as a judicial document, the Court moves to the second question, which weights the presumption of access. *Stafford*, 78 F.4th at 70. The weighing process assesses the role of the document in the Court's decision-making process. *Kewazinga*, 2024 WL 4558070, at *1. Where, as here, the at-issue material is "largely collateral" to the fact and legal questions central to resolving the dispute, the "weight of the presumption of access is low with respect to this material," since it does not bear on the parties' claims. *Bd. of Trs. of AGMA Health Fund v. Aetna Life Ins. Co.*, No. 24-CV-5168 (RA), 2024 WL 4604618, at *1 (S.D.N.Y. Oct. 28, 2024), *quoting Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017). As already noted, only a single term, the Arbitration Clause, is relevant to issues before the Court, and all remaining terms are inconsequential to the Court's determination of VGE's Petition.

Finally, the third question requires that the Court balance competing considerations by identifying all factors that "legitimately counsel against disclosure" and balancing those against the "weight properly accorded the presumption of access." *Stafford*, 78 F.4th at 70; *Kewazinga*, 2024 WL 4558070, at *1. In essence, the factors weighing against disclosure must be higher in value than the presumption of access. *Kewazinga*, 2024 WL 4558070, at *1. Examples of "higher valued" reasons to seal a document include protecting the confidentiality of sensitive commercial information and a litigant's competitive standing. *Id.; cf. Aetna Life Ins. Co.*, 2024 WL 4604618, at *2.

In sum, where the Court finds that the "weight of the presumption of public access that attaches to the materials in question is low," and that disclosure of the materials would result in sufficiently serious injury to warrant protection, the Court will grant a request to seal. *Aetna Life Ins. Co.*, 2024 WL 4604618, at *2.

As applied here, there is a sufficient basis for the Court to grant VGE's request to seal the Contract. The only factor weighing against sealing is the fact that the Contract is a judicial document. The other two factors weigh in favor of the Court sealing the Contract. The weight of the presumption of access here is very low because the Contract only contains a single provision, the Arbitration Clause, that is relevant to the Court and parties resolving this dispute. Additionally, higher value concerns are at issue here, including protecting the commercially sensitive information in the Contract, which outweighs the minimal weight accorded to the presumption of access here.



Hon. Jennifer L. Rochon
January 20, 2026
Page 3

      We appreciate the Your Honor's attention to this matter. Should the Court have any questions, we can be available at the Court's convenience.

Respectfully submitted,

*/s/ Anna G. Dimon*

Anna G. Dimon

CC:    All counsel of record

Request DENIED.  Having applied the three-part test in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), the Court finds that Petitioner has not identified any sensitive or proprietary information in the Supply Side Platform Agreement—let alone any such information that outweighs the presumption of access.  Further, "the mere fact that the Supply Agreement includes a confidentiality provision does not, by itself, require sealing of this document." *P&L Dev., LLC v. Gerber Prods. Co.*, No. 21-cv-05382 (MKB)(AYS), 2022 WL 1441999, at *3 (E.D.N.Y. May 6, 2022) (collecting cases), *report and recommendation adopted sub nom.*, *P & L Dev., LLC v. Gerber Prods. Co.*, No. 21-cv-05382 (NG) (AS), 2024 WL 1072394 (E.D.N.Y. Mar. 11, 2024) ; *see also Hedgeye Risk Mgmt., LLC v. Dale*, No. 21-cv-03687 (ALC)(RWL), 2023 WL 6386845, at *5 (S.D.N.Y. Sept. 29, 2023) ("The mere existence of a confidentiality agreement does not demonstrate that sealing is necessary." (citation modified)).

If, however, Petitioner believes a particular portion of the Agreement is sensitive or proprietary, Petitioner may identify the relevant excerpt(s) by a letter submitted no later than **January 23, 2026**. Otherwise, Petitioner shall refile the Agreement, currently filed as sealed at Dkt. 19-1, by **January 23, 2026**.

**SO ORDERED.**

Dated: January 21, 2026
    New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**