

**BY ECF**

January 23, 2026

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Verve Group Europe GMBH v. Zemanta, Inc.* Case No.: 1:25-cv-10329-JLR

Dear Judge Rochon:

We represent respondent Zemanta, Inc. ("Zemanta") in the above-referenced action. Pursuant to the Court's January 21, 2026, Order denying the request to seal the "Zemanta Supply Side Platform Agreement" (the "Agreement"), in its entirety, we respectfully submit this letter to request leave to file the Agreement with narrowly tailored redactions to protect Zemanta's sensitive commercial information. We have met and conferred with petitioner Verve Group Europe GMBH ("Verve"), and Verve has consented to the relief requested.

The Court correctly noted that the high burden for sealing an entire contract was not met under the standard set out in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). However, as the Court's Order permits, we have identified specific portions of the Agreement that are sensitive and proprietary, the disclosure of which would cause competitive harm that outweighs the presumption of public access.

While the "mere existence of a confidentiality agreement" is insufficient to seal a document, *Hedgeye Risk Mgmt., LLC v. Dale*, 2023 WL 6386845, at *5 (S.D.N.Y. Sept. 29, 2023), courts in this District generally preserve "higher values," such as trade secrets or proprietary business information, provided the order is "narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 120; *Dodona I, LLC v. Goldman, Sachs & Co.,* 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting sealing of corporate documents, including those governing investment strategies, information regarding proprietary modeling assumptions).

Accordingly, Zemanta and Verve have agreed to redact only two specific categories of information:

1. **Proprietary Pricing "Floor" Data (Page 2):** Zemanta has redacted the specific monetary "floor rate" outlined in the Functional Specifications table. This figure represents a specific, negotiated valuation baseline used in Zemanta's bidding algorithms. Disclosure of this data point would grant competitors and other supply-side partners an unfair advantage in future negotiations by revealing Zemanta's internal pricing floor, thereby causing competitive harm.
2. **Negotiated Payment Terms (Page 4):** Zemanta has redacted the specific payment window (credit terms) contained in Section 3.1. These credit terms reflect Zemanta's confidential liquidity strategies and risk assessments specific to this counterparty. Public disclosure of these terms would prejudice Zemanta in negotiations with other vendors and partners, who could leverage this public record to demand identical concessions, disregarding the unique commercial factors of this relationship.

These redactions are minimal and narrowly tailored. Each proposed redaction speaks to Zemanta's sensitive information, private model logic which can be considered trade-secret modeling data and thus "proprietary business information." The redaction will not impede the public's understanding of the contractual obligations at the heart of this dispute—specifically Verve's claim to payment or Zemanta's defenses regarding traffic quality—but they are necessary to prevent the "risk of serious obstacles" to Zemanta's business efficiency and standing in the marketplace.

We respectfully request that the Court accept the Agreement for filing with these limited redactions.

Respectfully Submitted,

*/s/ Yenisey Rodriguez-McCloskey*

Yenisey Rodriguez-McCloskey

cc: All Counsel of Record (by ECF)

Request GRANTED.  Having applied the three-part test in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), the Court finds that Respondent's "narrowly tailored" redactions are appropriate here. *Lugosch*, 435 F.3d at 120 ("Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (alteration adopted). The parties shall file the redacted Agreement on the docket forthwith.  This holding is without prejudice to revisiting if the matter proceeds to trial.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 23 and 24.

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

Dated: January 26, 2026
New York, New York

*32 Court Street, Suite 2101 Brooklyn, New York 11201 Office (718) 841-9401*